FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

ANGEL WILLIAM QUINONES

CASE NO. 8:14-CR-189-T-35 AEP
21 U.S.C. § 963
21 U.S.C. §§ 853, 970-Forfeiture

## INFORMATION

The United States Attorney charges:

### COUNT ONE

Beginning on an unknown date, but at least as early as in or about August 2012, and continuing until on or about October 2, 2013, in Pinellas County, in the Middle District of Florida, and elsewhere,

ANGEL WILLIAM QUINONES,

the defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with other persons, both known and unknown, to distribute a mixture and substance containing a detectable amount of 3,4-methylenedioxy-N-methylamphetamine ("MDMA"), a Schedule I controlled substance, knowing and intending that such substance would be unlawfully imported into the United States contrary to the provisions of Title 21, United States Code, Section 959.

All in violation of Title 21, United States Code, Sections 963 and 960(b)(3).

## **FORFEITURE**

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Sections 853 and 970.

2. Upon conviction of any or all of the violations alleged in Count One of this Information, punishable by imprisonment for more than one year, the defendant,

ANGEL WILLIAM QUINONES,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 970, incorporating the provisions of Title 21, United States Code, Section 853, all of his right, title, and interest in:

    a. property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violations; and,

    b. property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. The specific property to be forfeited includes, but is not limited to:

    a. $157,580.00 of United States currency, seized by the Department of Homeland Security ("DHS") on October 2, 2013;

2

b.   A 2012 Nissan Titan, bearing VIN number 1N6BA0EK2CN303236;

c.   A 2012 Nissan Sentra SR, bearing VIN number 3N1AB6AP1CL725761;

d.   A Sig Sauer model M400 rifle, bearing serial number 20C021719, as well as accompanying sight handle and four magazines;

e.   A .380 caliber Taurus model PT738 pistol, bearing serial number 33389C, and two accompanying magazines;

f.   A Glock model 19 pistol, bearing serial number VAG225, and accompanying magazine;

g.   A Taurus model PT140 Pro pistol, bearing serial number SCS04383, and accompanying magazine;

h.   120 rounds of .223 caliber ammunition, seized by DHS on October 2, 2013;

i.   9 rounds of .40 caliber ammunition, seized by DHS on October 2, 2013;

j.   A Sony laptop computer, bearing serial number C10HCBFH;

k.   An HP laptop computer, bearing serial number SCB2163CT0;

l.   A Gateway desktop computer, bearing serial number DTGDDAA01227;

    m.    An HTC cellular telephone, bearing serial number HTC6435L;

    n.    An HTC Droid cellular telephone, bearing serial number FA2CTS514693;

    o.    A Sony Ericksson cellular telephone, bearing serial number CB5A1CM21J;

    p.    An HTC cellular telephone, bearing serial number HT1ADMA06414;

    q.    An Apple iPod, bearing serial number CCQJNF56F4K4;

    r.    An Apple iPod, bearing serial number C3LJQG4FF4JW;

    s.    A Motorola Verizon model MZ609-16 tablet, seized by DHS on October 2, 2013;

    t.    A WD My Passport hard drive, bearing serial number WXA1A13C4535;

    u.    A PNY 4GB thumb drive, seized by DHS on October 2, 2013; and

    v.    An unidentified thumb drive, seized by DHS on October 2, 2013.

4.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p), directly to seek forfeiture of any property of said defendant up to the value of the above forfeitable property.

A. LEE BENTLEY, III
United States Attorney

By: _____
Patrick D. Scruggs
Assistant United States Attorney

By: _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Narcotics Section

T:\_Criminal Cases\Q\Quinones, Angel_2013R02375_PDS\p_information.docx

5