AF Approval _AAA_                                    Chief Approval _JKR_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                    CASE NO.8:14-CR-189-T-35AEP

ANGEL WILLIAM QUINONES

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley, III, United States Attorney for the Middle District of Florida, and the

defendant, ANGEL WILLIAM QUINONES, and the attorney for the defendant,

Adam B. Allen, mutually agree as follows:

**A.**    **Particularized Terms**

    1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with conspiracy to import into the

United States a mixture or substance containing a detectable amount of 3,4-

methylenedioxy-N-methylamphetamine ("MDMA"), in violation of 21 U.S.C. §§

963 and 960(b)(3).

    2.    Minimum and Maximum Penalties

Count One is punishable by a maximum term of imprisonment of

twenty (20) years, a fine of up to $1,000,000, a term of supervised release of at

least three (3) years, and a special assessment of $100 per felony count for

Defendant's Initials _AQ_

individuals. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.   Apprendi v. New Jersey

Under Apprendi v. New Jersey, 530 U.S. 466 (2000), a maximum term of imprisonment of twenty (20) years may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The defendant conspired to distribute a mixture or substance containing a detectable amount of MDMA, a Schedule I controlled substance.

4.   Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:   That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Information;

Second:   That the defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

Third:   That the object of the plan was to distribute a mixture or substance containing a detectable amount of MDMA, intending that the substance be unlawfully imported into the United States.

Defendant's Initials _A Q_          2

5.   <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.   <u>Indictment Waiver</u>

The defendant will waive the right to be charged by way of indictment before a federal grand jury.

7.   <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.   <u>Chapter Two Offense Level - Joint Recommendation</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant's Chapter

Defendant's Initials _AQ_                3

Two base offense level be calculated at level 34 pursuant to USSG § 2D1.1.  The parties agree and stipulate that this base offense level calculation is based on the defendant's agreeing to distribute and to import into the United States 9,193 grams of MDMA during the course of the conspiracy.  The parties understand that such a joint recommendation as to the calculation of the defendant's base offense level is not binding on the Court, and if not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.    Two Level Variance and Section 3582 Waiver

At the time of sentencing, the United States will consider not objecting to the defendant's request that the Court vary downward the equivalent of two levels, in light of and in anticipation of the proposed amendment to the Drug Quantity Table of the Sentencing Guidelines in November 2014.  The defendant agrees that, if the United States does not object to this variance and the Court varies downward two levels based on the proposed amendment, the defendant will not seek a further reduction in sentence under 18 U.S.C. § 3582(c)(2) based on the Drug Quantity Table amendment, if the amendment is adopted and made retroactive by the Sentencing Commission.  The defendant understands that if the Court does not vary downward, the defendant will not be allowed to withdraw from the plea.  The defendant understands that the decision whether to not object to the variance rests solely with the United States Attorney

Defendant's Initials _AQ_                     4

for the Middle District of Florida, and the defendant agrees that the defendant

cannot and will not challenge that decision, whether by appeal, collateral attack,

or otherwise.

      10.   <u>Acceptance of Responsibility - Three Levels</u>

      At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will recommend to the Court that the defendant receive a two-

level downward adjustment for acceptance of responsibility, pursuant to USSG

§ 3E1.1(a).  The defendant understands that this recommendation or request is

not binding on the Court, and if not accepted by the Court, the defendant will not

be allowed to withdraw from the plea.

      Further, at the time of sentencing, if the defendant's offense level

prior to operation of subsection (a) is level 16 or greater, and if the defendant

complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea

Agreement, including but not limited to, the timely submission of the financial

affidavit referenced in Paragraph B.4., the United States agrees to file a motion

pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.

The defendant understands that the determination as to whether the defendant

has qualified for a downward adjustment of a third level for acceptance of

responsibility rests solely with the United States Attorney for the Middle District of

Florida, and the defendant agrees that the defendant cannot and will not

challenge that determination, whether by appeal, collateral attack, or otherwise.

11.    <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. §  3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to

Defendant's Initials  _AQ_                     6

whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

12.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

Defendant's Initials  *AQ*                    7

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to

waive the statute of limitations and any speedy trial claims as to any such

offenses.

        (4)    The government may use against the defendant the

defendant's own admissions and statements and the information and books,

papers, documents, and objects that the defendant has furnished in the course of

the defendant's cooperation with the government.

        (5)    The defendant will not be permitted to withdraw the

guilty pleas to those counts to which defendant hereby agrees to plead in the

instant case but, in that event, defendant will be entitled to the sentencing

limitations, if any, set forth in this plea agreement, with regard to those counts to

which the defendant has pled; or in the alternative, at the option of the United

States, the United States may move the Court to declare this entire plea

agreement null and void.

    13.    <u>Use of Information - Section 1B1.8</u>

        Pursuant to USSG § 1B1.8(a), the United States agrees that no

self-incriminating information which the defendant may provide during the course

of defendant's cooperation and pursuant to this agreement shall be used in

determining the applicable sentencing guideline range, subject to the restrictions

and limitations set forth in USSG '§ B1.8(b).

    14.    <u>Forfeiture of Assets</u>

        The defendant agrees to forfeit to the United States immediately

and voluntarily any and all assets and property, or portions thereof, subject to

forfeiture, pursuant to 21 U.S.C. 853, as incorporated by 21 U.S.C. § 970,

whether in the possession or control of the United States, the defendant, or the

defendant's nominees.  The specific property to be forfeited includes, but is not

limited to the following, which assets are proceeds of, or were purchased or

funded with proceeds of, the crimes alleged in Count One of the Information:

    a.    $157,580.00 of United States currency, seized by the

        Department of Homeland Security ("DHS") on October 2,

        2013;

    b.    A 2012 Nissan Titan, bearing VIN number

        1N6BA0EK2CN303236;

    c.    A 2012 Nissan Sentra SR, bearing VIN number

        3N1AB6AP1CL725761;

    d.    A Sig Sauer model M400 rifle, bearing serial number

        20C021719, as well as accompanying sight handle and four

        magazines;

    e.    A .380 caliber Taurus model PT738 pistol, bearing serial

        number 33389C, and two accompanying magazines;

    f.    A Glock model 19 pistol, bearing serial number VAG225,

        and accompanying magazine;

    g.    A Taurus model PT140 Pro pistol, bearing serial number

        SCS04383, and accompanying magazine;

    h.    120 rounds of .223 caliber ammunition, seized by DHS on

Defendant's Initials _AQ_        10

October 2, 2013;

i.    9 rounds of .40 caliber ammunition, seized by DHS on October 2, 2013;

j.    A Sony laptop computer, bearing serial number C10HCBFH;

k.    An HP laptop computer, bearing serial number SCB2163CT0;

l.    A Gateway desktop computer, bearing serial number DTGDDAA01227;

m.    An HTC cellular telephone, bearing serial number HTC6435L;

n.    An HTC Droid cellular telephone, bearing serial number FA2CTS514693;

o.    A Sony Ericksson cellular telephone, bearing serial number CB5A1CM21J;

p.    An HTC cellular telephone, bearing serial number HT1ADMA06414;

q.    An Apple iPod, bearing serial number CCQJNF56F4K4;

r.    An Apple iPod, bearing serial number C3LJQG4FF4JW;

s.    A Motorola Verizon model MZ609-16 tablet, seized by DHS on October 2, 2013;

t.    A WD My Passport hard drive, bearing serial number WXA1A13C4535;

u.     A PNY 4GB thumb drive, seized by DHS on October 2,

2013; and

v.     An unidentified thumb drive, seized by DHS on October 2,

2013.

The defendant agrees and consents to the forfeiture of these

assets pursuant to any federal criminal, civil judicial or administrative forfeiture

action.  The defendant also hereby agrees to waive all constitutional, statutory

and procedural challenges in any manner (including direct appeal, habeas

corpus, or any other means) to any forfeiture carried out in accordance with this

Plea Agreement on any grounds, including that the forfeiture described herein

constitutes an excessive fine, was not properly noticed in the charging

instrument, addressed by the Court at the time of the guilty plea, announced at

sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the

Factual Basis below provides a sufficient factual and statutory basis for the

forfeiture of the property sought by the government.  Pursuant to the provisions

of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly

after accepting this Plea Agreement, the Court make a determination that the

government has established the requisite nexus between the property subject to

forfeiture and the offense(s) to which defendant is pleading guilty and enter a

preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees

that the preliminary order of forfeiture will satisfy the notice requirement and will

Defendant's Initials _AQ__                    12

be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has

Defendant's Initials  _AQ_                    13

been transferred or sold to, or deposited with, a third party; has been placed

beyond the jurisdiction of the Court; has been substantially diminished in value;

or has been commingled with other property which cannot be divided without

difficulty; then the United States shall, at its option, be entitled to forfeiture of any

other property (substitute assets) of the defendant up to the value of any property

described above.  The Court shall retain jurisdiction to settle any disputes arising

from application of this clause.  The defendant agrees that forfeiture of substitute

assets as authorized herein shall not be deemed an alteration of the defendant's

sentence.

Forfeiture of the defendant's assets shall not be treated as

satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the

Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that

the defendant has breached this section of the Plea Agreement, the defendant

may be found ineligible for a reduction in the Guidelines calculation for

acceptance of responsibility and substantial assistance, and may be eligible for

an obstruction of justice enhancement.

**B.**     **Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition

to or in lieu of any other penalty, shall order the defendant to make restitution to

any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses

Defendant's Initials _AG_                    14

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _AQ_                    15

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the

Defendant's Initials _AQ_                      16

defendant exercises control, directly or indirectly, including those held by a

spouse, dependent, nominee or other third party.  The defendant further agrees

to execute any documents requested by the United States needed to obtain from

any third parties any records of assets owned by the defendant, directly or

through a nominee, and, by the execution of this Plea Agreement, consents to

the release of the defendant's tax returns for the previous five years.  The

defendant similarly agrees and authorizes the United States Attorney's Office to

provide to, and obtain from, the United States Probation Office, the financial

affidavit, any of the defendant's federal, state, and local tax returns, bank records

and any other financial information concerning the defendant, for the purpose of

making any recommendations to the Court and for collecting any assessments,

fines, restitution, or forfeiture ordered by the Court.  The defendant expressly

authorizes the United States Attorney's Office to obtain current credit reports in

order to evaluate the defendant's ability to satisfy any financial obligation

imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor

bound by this agreement.  The Court may accept or reject the agreement, or

defer a decision until it has had an opportunity to consider the presentence report

prepared by the United States Probation Office.  The defendant understands and

acknowledges that, although the parties are permitted to make recommendations

and present arguments to the Court, the sentence will be determined solely by

Defendant's Initials  *AQ*                    17

the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

      The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by

Defendant's Initials _AQ_           18

18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

     8.    <u>Middle District of Florida Agreement</u>

     It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

     9.    <u>Filing of Agreement</u>

     This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

     10.    <u>Voluntariness</u>

     The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice

Defendant's Initials  <u>AQ</u>       19

received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's <u>answers</u> may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

Beginning on an unknown date, but at least as early as in or about August 2012, and continuing through on or about October 2, 2013, the defendant, ANGEL WILLIAM QUINONES, was a participant in a conspiracy to distribute MDMA imported from overseas into the Middle District of Florida and elsewhere.

From in or about January 2011 to in or about October 2013, an underground website known as "Silk Road" allowed vendors and buyers to exchange goods and services online. Silk Road was dedicated to the sale of illegal drugs and other illicit, black market goods and services using the digital currency Bitcoin and was designed to facilitate illegal commerce by ensuring anonymity among its users.

QUINONES, who operated out of Largo, Florida, used the usernames "UnderGroundSyndicate" ("UGS") and "BTCmaster" ("BTC") to advertise, market, and sell illegal drugs on Silk Road. QUINONES was one of the largest wholesale re-distributors of illegal drugs from Silk Road in the United States. In total, during the period from August 2012 through October 2013, QUINONES obtained approximately 9,193 grams of MDMA for re-distribution to several dozen customers in the United States. Records obtained from Silk Road confirm that QUINONES participated in transactions totaling this amount of MDMA through the UGS account.

Defendant's Initials _AWQ_                                21

In operating the UGS and BTC accounts, QUINONES obtained his MDMA principally from a supplier in the Netherlands named Cornelius Jan Slomp, who used the username "SuperTrips" on Silk Road. QUINONES used the UGS and BTC accounts to communicate with Slomp. In August 2012, QUINONES entered into an arrangement with Slomp whereby Slomp would provide him with wholesale quantities of MDMA on credit. QUINONES, in turn, would sell the substance to his own customers via Silk Road and then split the proceeds with Slomp. Slomp thereafter shipped the MDMA into the Middle District of Florida. After obtaining the MDMA, QUINONES, distributed the MDMA to customers throughout the United States. QUINONES obtained several Post Offices boxes in Pinellas County, which he used to ship and receive MDMA and proceeds. Slomp also provided QUINONES with his unique logon information to the SuperTrips account and paid him to review and reply to messages sent to Slomp by customers on Silk Road.

Additionally, Slomp sent QUINONES Bitcoins generated from Silk Road drug transactions to be converted into cash. Slomp also agreed that QUINONES would hold on to a portion of the proceeds that QUINONES had generated for Slomp, until Slomp was ready to retrieve them. In or around August 2013, Slomp traveled from the Netherlands to Florida in order to meet with QUINONES and transfer Slomp's United States-based Silk Road operations, including his United States customers, to QUINONES.

On October 2, 2013, federal agents executed a search warrant at QUINONES' home, located at 1012 Breeze Drive, in Largo, Florida. During the search of his residence, they found approximately $157,580 in cash, documents and keys associated with Post Office boxes used by the UGS and BTC accounts, and various electronic media. Forensic analysis of that electronic media later uncovered spreadsheets and other documents authored by QUINONES which were associated with the UGS and BTC accounts, including Silk Road customer orders and tracking information for parcels containing MDMA and drug proceeds.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _A W Q_                    23

13.  Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___9___ day of ___M A t___, 2014.

A. LEE BENTLEY, III
United States Attorney

_____
ANGEL W. QUINONES
Defendant

_____
PATRICK D. SCRUGGS
Assistant United States Attorney

_____
ADAM B. ALLEN
Attorney for Defendant

_____
JOSEPH K. RUDDY
Assistant United States Attorney
Chief, Narcotics Section

T:\_Criminal Cases\Q\Quinones, Angel_2013R02375_PDS\p_plea agreement.docx

Defendant's Initials _AWQ_                    24